UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MAWULI GADRI,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 26-cv-988-RSH-DDL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On February 17, 2026, petitioner Paul Mawuli Gadri filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits have been fully briefed. *See* ECF Nos. 4 (return), 5 (traverse). As set forth below, the Court denies the Petition without prejudice.

The Parties agree that Petitioner is detained subject to an order of removal issued on September 2, 2025, which became final on October 3, 2025 after neither side filed an appeal. *See* ECF No. 4 at 1; ECF No. 5 at 1.

Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 1. This Court has jurisdiction to review such a claim on a petition for writ of

habeas corpus. *Zadvydas* 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner still falls within the six-month presumptively reasonable period of detention. Based on the record before the Court, the Court is not persuaded that Petitioner has rebutted the presumption as to his detention to date. Petitioner has been granted withholding of removal to Ghana, his country of origin, and U.S. Immigration and Customs Enforcement ("ICE") is continuing in its efforts to find a third country for Petitioner's removal. *See* ECF No. 4-1 ¶¶ 10–13. On January 9, 2026, ICE interviewed Petitioner regarding the country or countries to which he prefers to be removed, and Petitioner stated that he wishes to be removed to Germany, Canada, or Australia due to having family in those countries. *Id.* ¶ 11. ICE continues to work toward Petitioner's removal. *Id.* ¶¶ 10, 13.

//
//
//
//
//

1     Accordingly, the Court **DENIES** the Petition. This denial is without prejudice. The Court declines to issue an injunction governing the conditions of Petitioner's future removal, as the Petition does not establish his entitlement to this relief on a habeas petition.

    The Court **VACATES** the hearing date set for March 12, 2026.

**IT IS SO ORDERED.**

Dated: March 3, 2026

_____
Hon. Robert S. Huie
United States District Judge